**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY BOLANOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **NORTHEASTERN ILLINOIS** | ) | |
| **UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES, the Plaintiff, Kimberly Bolanos, by and through her attorneys, Anthony J. Peraica & Associates, Ltd., complains against the Defendant Northeastern Illinois University and states as follows:

### NATURE OF THE CASE

1.  Kimberly Bolanos (hereinafter "Plaintiff" or "Bolanos") brings this lawsuit against her former employer, Northeastern Illinois University (hereinafter "Defendant" or "NEIU"), to seek redress for wrongful termination of her employment, lost wages and benefits, pain and suffering, humiliation, and loss and damage to Bolanos' personal email account which she has been locked out of on or about May 5, 2014, and to be made whole for damages suffered by Bolanos as a result of defendant's theft and destruction of her personal email account and for retaliatory actions taken by defendant when Bolanos enforced the rules, policies and procedures of Northeastern Illinois University by disciplining NEIU employees who violated the rules, policies and procedures.

2.  Defendant engaged in a systematic pattern of retaliation against Bolanos when

1

NEIU allowed select employees to violate NEIU's rules, policies and procedures and when Plaintiff attempted to enforce NEIU's rules, policies and procedures, she was instead disciplined for the action. Defendant's retaliation began with the defendant instituting disciplinary measures against the Plaintiff. Second, NEIU terminated her employment without cause. Third, the defendant locked Bolanos out of her student email account, preventing her from completing assignments for her classes and blocking her from obtaining emails in support of her position regarding the disputes and discipline of NEIU employees.

3. Accordingly, this is an 11 count complaint alleging violations of Title VII, the Civil Rights Act, 42 U.S.C. §1983, 42 U.S.C. §1981, the federal Computer Fraud & Abuse Act, the federal Stored Wire and Electronic Communications Act, as well as the torts of retaliatory discharge, wrongful termination, intentional infliction of emotional distress, and intrusion upon seclusion.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C.S. §§ 1331 and 1343(4), and has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

5. Venue in this matter is proper pursuant to 28 U.S.C.S. §1391(b) because all actions upon which this matter is based took place within the County of Cook, which is within the jurisdiction of the Northern District of Illinois, Eastern Division.

## PARTIES

6. Plaintiff, Kimberly Bolanos, a Caucasian female, is a United States citizen and resident of the City of Chicago, County of Cook, State of Illinois.

7. Defendant Northeastern Illinois University is a public state university, institution of

higher learning, with its principal campus located at 5500 North St. Louis Avenue, Chicago, Illinois.

8.  NEIU offers more than 70 undergraduate and graduate programs in the acts, sciences, education and business. It is attended by approximately 12,000 students in the Chicago area.

9.  Plaintiff has been a student at NEIU since 2003.

10. Plaintiff began her employment with NEIU in June 2007.

<u>COMMON FACTS</u>

11. In July 2011, the department for which plaintiff was working was disbanded and she was reassigned to a new department, Graduate Enrollment Services.

12. The Graduate Enroll Services department includes several smaller departments, including Graduate Admissions and Graduate Records.

13. Throughout her employment with the defendant, plaintiff has held several different positions.

14. Throughout Bolanos' employment, she had an office on defendant's property, had set work hours, received regular orders and direction from the defendant, was paid a salary, had taxes withheld, was provided with the supplies necessary to perform her job and held no other employment positions while working for the defendant.

15. Kimberly Bolanos was also a registered student taking classes at NEIU during the time of her employment.

16. All students at NEIU were provided with email accounts to be used while a student at NEIU.

17. The student email account was used to correspond with professors and other students, transmit class assignments, and other school related functions.

18. When Bolanos obtained her employment at NEIU, she was not provided with a second email address to use for purposes of her work, instead she was directed to use her student email address for both her employment and education.

19. Upon information and belief, the NEIU email accounts were set up through third party providers and were contained in computer servers throughout the country through which business is transacted between people and businesses across state lines.

20. Bolanos set up the password to access her NEIU student account and never gave it to the defendants.

21. In 2012, plaintiff was hired as the Coordinator Graduate Records/Assistant Registrar of Graduate Records. She reported to the University Registrar, Daniel Weber (a Caucasian male) and supervised at least one employee.

22. In the Graduate Enrollment Services department, Plaintiff quickly learned that several NEIU employees failed to report when they were running late, would spend excessive amounts of time socializing or surfing the internet instead of working, failure to turn in time sheets, and would not work their required amount of time.

23. Bolanos reported these violations to her supervisor, Daniel Weber, on a regular basis, with little to no discipline for violation of the NEIU rules, policies and procedures being given.

24. Bolanos would also bring up these issues at staff meetings, identifying the individuals not following NEIU's rules, policies and procedures.

25. Instead of management addressing and disciplining the individuals in violation of NEIU's rules, policies and procedures, Plaintiff would be verbally reprimanded for not being a team player and for not discussing these matters with the individual or that person's supervisor.

26. On September 17, 2013, the Plaintiff advised the individual she supervises, Avril

Murray, to limit the amount of socializing she does.

27. The next day, on September 18, 2013, plaintiff attempted to discuss with Avril Murray, an issue regarding a conversation between Murray and a student. It became an argument and was brought to the attention of Daniel Weber.

28. Daniel Weber, the University Registrar, found both Murray and the Plaintiff violated the rules, however he only disciplined the Plaintiff.

29. Defendant's actions against the Plaintiff did not end with her being disciplined for September 18, 2013, but were continuously re-hashed and brought up over and over again until Plaintiff's termination.

30. In November 2013, Plaintiff was confronted by another employee, Verla Grays, this situation escalated but neither party was disciplined.

31. However, Verla Grays would cause problems, challenging the Plaintiff, by openingly stating in the office that she was not going to enforce attendance policies or hold the people she supervised to their time, which was also heard by the Plaintiff and the staff she supervises.

32. In January 15, 2014, Plaintiff confronted Martha Narvaez (a Hispanic female) for habitual tardiness, refusal to call in, and the effects it has on the performance of the office.

33. Plaintiff reported Narvaez's violations of NEIU's rules, policies and procedures to Weber and it was relayed to Narvaez, who in turned filed a Human Resources complaint against the Plaintiff.

34. In January 2014, Plaintiff had learned that Verla Grays, Martha Narvaez and Avril Murray did not like her and were trying to make the Plaintiff lose her temper so that they could file complaints against the Plaintiff.

35. Plaintiff felt that she had to walk on egg-shells in the office because despite the fact

that she was performing her job; Plaintiff's authority was undermined and discarded by Defendant's supervisors and staff.

36. Plaintiff continued to document violations of NEIU's rules, policies and procedures, by Grays, Narvaez and Murray, and bring them to the attention of her supervisor Weber, despite the lack of disciplinary action on them.

37. Narvaez and Murray knew of plaintiff's continuous complaints about their violations of NEIU's rules, policies and procedures, not only through the office but as active Union members.

38. On or about March 13, 2014, Plaintiff was served with an Union Class Action Grievance based upon interactions between the Plaintiff and Narvaez and Murray. The underlying matters raised in the grievance had previously been addressed by the Defendant but was trumped up with false allegations.

39. Shortly after Plaintiff was served with the grievance, someone contacted the Campus Police claiming Plaintiff would retaliate against the office through violence.

40. Plaintiff was subsequently placed on administrative leave, effective March 14, 2014.

41. Upon information and belief, on March 25, 2014, Defendant hacked into Plaintiff's email and established an auto-reply.

42. On April 1, 2014, Plaintiff was notified by Defendant's President Sharon Hahs that Defendant is seeking to terminate her employment.

43. Plaintiff was still a student with one class remaining to complete her degree, which she was working on.

44. Plaintiff had attempted numerous times to obtain access to her email so that she could

complete her course assignments and obtain the research she was collecting, but was unable to access her email account.

45. On or about May 5, 2014, Plaintiff contacted the NEIU Help Desk regarding her email account and learned that her NEIU port account and email account were inactivated.

46. On or about May 5, 2014, plaintiff had learned that her name had been deleted from the directory.

47. Defendant terminated plaintiff's employment effective June 13, 2014.

48. Plaintiff desires to complete the one course she has left and has requested access to her former account but Defendant denies her the access.

49. Instead, Defendant set up a new account for plaintiff to use but Defendant continues to deny access to documents with regard to her course work and documents that support plaintiff's position.

50. Upon information and belief, Defendant has full access to Bolanos' email accounts.

51. Upon information and belief, Plaintiff's first email account may also contain personal, private, confidential or privileged communications, which Defendant now has access to.

52. Not only does the Defendant have access to everything in Plaintiff's email account such that they can read it, publish it, delete it, or erase it if they chose, they also have possession of the emails and are depriving Bolanos access to years of communications and school work, that she relied upon for ongoing educational, personal and professional endeavors.

53. Defendants are believed to have been accessing Bolanos' email account long before they locked her out of the account.

54. Bolanos had no way of knowing whether someone else had acquired access to her

personal account without being told or without that person taking some action to shut her out of the account.

55. Bolanos has suffered enormous fear, stress, anxiety, panic, betrayal, embarrassment, grief, emotional distress, and an exacerbation of certain disabling medical conditions as a result of defendants' actions.

56. Bolanos has spent money to defend herself against the defendant's unfounded allegations and to attempt to be re-hired.

57. Bolanos spent money and tremendous amounts of time to attempt to get access to her student account and regain ownership of her course work emails.

58. Defendants willfully and knowingly pursued disciplinary actions against Bolanos brought on behalf of NEIU employees known to be violators of NEIU's rules, policies and procedures.

59. Defendants willfully and knowingly accessed and locked Bolanos out of her email account and its contents to prevent her from continuing her education at NEIU.

60. Defendants willfully and knowingly accessed and locked Bolanos out of her email account to gain advantage in any and all disciplinary and legal disputes involving Bolanos by reading the communications contained therein.

## COUNT I –VIOLATION OF TITLE VII
## SEX DISCRIMINATION

61. Plaintiff incorporates paragraphs 1 through 60 as if fully set forth herein as paragraph 61.

62.     At all times throughout the course of employment, Plaintiff was qualified for the position and performed her job to the legitimate expectation of her employer and beyond.

63.     Male employees were treated more favorably than Plaintiff in that they were not harassed, subject to different terms and conditions of employment, disciplined, placed on leave or terminated for reporting violations of NEIU's rules, policies and procedures.

64.     The harassment, differing terms and conditions of employment, placement on leave and termination of Plaintiff constituted and was the result of discrimination based upon sex by the Defendant in violation of Title VII.

65.     Plaintiff was harassed, subjected to differing terms and conditions of employment, disciplined, placed on leave and terminated by Defendant because of Plaintiff's sex and any proffered reason to the contrary by Defendant is pretext for unlawful discrimination.

66.     Any reason given for Defendant's adverse actions are a pretext for sex discrimination, in that the Plaintiff would not have been harassed, subjected to differing terms and conditions of employment, disciplined, placed on leave or terminated but for Defendant's motive to discriminate against Plaintiff due to her sex.

67.     By the above-described actions, but not limited to the same, Defendant discriminated against Plaintiff based upon her sex, in violation of Title VII, and treated male employees more favorably.

68.     By the above-described actions, but not limited to the same, Defendant took adverse employment action against Plaintiff which seriously affected her physical, financial, and psychological well-being, and caused her to suffer significant damages.

69. Defendant's wrongful acts were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under Title VII.

70. Plaintiff has fulfilled all conditions precedent to the institution of this action,

under Title VII of the Civil Rights Act of 1964, and its amendments. Plaintiff timely filed a Charge of Discrimination and has received a Right to Sue letter based upon charges of discrimination and retaliation. The Right to Sue letter and corresponding Charge of Discrimination are attached hereto and made part hereof as Exhibits A and B.

71. As a direct and proximate result of the Defendant's actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to her reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under Title VII.

72. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered injuries to her health causing her medical expenses and hospitalization.

73. The Defendants' actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

74. Plaintiff is entitled to the recovery of compensatory damages.

75. An award of punitive damages is appropriate and necessary to deter Defendant from committing similar acts of discrimination in the future.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendant as follows:

A. Ordering the Defendant to immediately re-instate the Plaintiff to a position with Defendant that is commensurable with her skills and experience;

B. Order the Defendant to pay the Plaintiff damages for loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, medical expenses, and

other compensatory damages resulting from Defendant's wrongful acts, along with interest;

C.  Order the Defendant to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D.  Order the Defendant to pay to Plaintiff punitive damages;

E.  Order the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

F.  Award Plaintiff such other relief as this Court deems proper.

## COUNT II –VIOLATION OF TITLE VII
## RACE AND NATIONAL ORIGIN DISCRIMINATION

76. Plaintiff incorporates paragraphs 1 through 60 as if fully set forth herein as paragraphs 76.

77.  At all times throughout the course of employment, Plaintiff was qualified for the position and performed her job to the legitimate expectation of her employer and beyond.

78.  Non-Caucasian and/or foreign born employees were treated more favorably than Plaintiff in that they were not harassed, subject to different terms and conditions of employment, disciplined, placed on leave or terminated for reporting violations of NEIU's rules, policies and procedures.

79.  The harassment, differing terms and conditions of employment, placement on leave and termination of Plaintiff constituted and was the result of discrimination based upon race and/or national origin by the Defendant in violation of Title VII.

80.  Plaintiff was harassed, subjected to differing terms and conditions of employment, disciplined, placed on leave and terminated by Defendant because of Plaintiff's race and/or

national origin and any proffered reason to the contrary by Defendant is pretext for unlawful discrimination.

81.     Any reason given for Defendant's adverse actions are a pretext for race and/or national origin discrimination, in that the Plaintiff would not have been harassed, subjected to differing terms and conditions of employment, disciplined, placed on leave or terminated but for Defendant's motive to discriminate against Plaintiff due to her race and/or national origin.

82.     By the above-described actions, but not limited to the same, Defendant discriminated against Plaintiff based upon her race and/or national origin, in violation of Title VII, and treated male employees more favorably.

83.     By the above-described actions, but not limited to the same, Defendant took adverse employment action against Plaintiff which seriously affected her physical, financial, and psychological well-being, and caused her to suffer significant damages.

84. Defendant's wrongful acts were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under Title VII.

85. Plaintiff has fulfilled all conditions precedent to the institution of this action, under Title VII of the Civil Rights Act of 1964, and its amendments.  Plaintiff timely filed a Charge of Discrimination and has received a Right to Sue letter based upon charges of discrimination and retaliation.  The Right to Sue letter and corresponding Charge of Discrimination are attached hereto and made part hereof as Exhibits A and B.

86. As a direct and proximate result of the Defendant's actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of

employment, damage to her reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under Title VII.

87. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered injuries to her health causing her medical expenses and hospitalization.

88. The Defendants' actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

89. Plaintiff is entitled to the recovery of compensatory damages.

90. An award of punitive damages is appropriate and necessary to deter Defendant from committing similar acts of discrimination in the future.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendant as follows:

A. Ordering the Defendant to immediately re-instate the Plaintiff to a position with Defendant that is commensurable with her skills and experience;

B. Order the Defendant to pay the Plaintiff damages for loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, medical expenses, and other compensatory damages resulting from Defendant's wrongful acts, along with interest;

C. Order the Defendant to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Order the Defendant to pay to Plaintiff punitive damages;

E. Order the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

F. Award Plaintiff such other relief as this Court deems proper.

## COUNT III – VIOLATION OF TITLE VII
## RETALIATION

91. Plaintiff re-alleges and incorporates paragraphs 1 through 60 as if fully set forth herein as paragraph 91.

92. At all times throughout the course of employment, Plaintiff was qualified for her position and performed her job to the legitimate expectation of her employer and beyond.

93. Based upon information and belief, Plaintiff was not re-instated to return to work based upon Defendant's retaliation against Plaintiff for filing a Charge of Discrimination against Defendants on or about May 6, 2014.

94. Defendant's wrongful acts were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights.

95. Plaintiff has exhausted her administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

96. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to her reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under Title VII.

97. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered injuries to her health causing her medical expenses and hospitalization.

98. The Defendants' actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

99. Plaintiff is entitled to the recovery of compensatory damages.

100.    An award of punitive damages is appropriate and necessary to deter Defendant from committing similar acts of discrimination in the future.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendant as follows:

A.  Ordering the Defendant to immediately re-instate the Plaintiff to a position with Defendant that is commensurable with her skills and experience;

B.  Order the Defendant to pay the Plaintiff damages for loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, medical expenses, and other compensatory damages resulting from Defendant's wrongful acts, along with interest;

C.  Order the Defendant to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D.  Order the Defendant to pay to Plaintiff punitive damages;

E.  Order the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

F.  Award Plaintiff such other relief as this Court deems proper.

## COUNT IV – VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS

101.    Plaintiff re-alleges and incorporates paragraphs 1 through 60 as if fully set forth herein as paragraph 101.

102.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth

15

Amendment of the United States Constitution for violation of Plaintiff's procedural and substantive due process rights and the violation thereof resulting from the termination of Plaintiff's employment with Defendant.

103.     Plaintiff's employment with Defendant was terminated based upon alleged misconduct without progressive discipline afforded to other employees of Defendant.

104.     Plaintiff's employment with Defendant was terminated based upon alleged misconduct without progressive discipline afforded to other employees of Defendant.

105.     Defendant acted unlawfully when it terminated Plaintiff's employment without first applying progressive discipline.

106.     As the actual and proximate result of the acts of the Defendant as described herein, Plaintiff was wrongfully terminated and forced to endure humiliation, severe emotional distress, and damage to her reputation.

107.     By reason of the conduct of the Defendant, Plaintiff was deprived of rights, privileges, and immunities secured to her by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore the Defendant is liable to Plaintiff pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendant as follows:

A.  Ordering the Defendant to immediately re-instate the Plaintiff to a position with Defendant that is commensurable with her skills and experience;

B.  Order the Defendant to pay the Plaintiff damages for loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, medical

expenses, and other compensatory damages resulting from Defendant's wrongful

acts, along with interest;

C.  Order the Defendant to pay to Plaintiff the compensatory damages incurred as a

result of its wrongful acts;

D.  Order the Defendant to pay to Plaintiff punitive damages;

E.  Order the Defendant to pay to Plaintiff the attorneys' fees, court costs, and

disbursements which Plaintiff has incurred and will incur as a result of

Defendant's wrongful and willful conduct; and

F.  Award Plaintiff such other relief as this Court deems proper.

## COUNT V – VIOLATION OF 42 U.S.C. §1983
## DISCRIMINATION BASED ON SEX, RACE, NATIONAL ORIGIN, RETALIATION

108.     Plaintiff incorporates and re-alleges paragraphs 1 through 100 as if fully

set forth herein as paragraph 108.

109.     Defendant's employees controlled and conducted the Defendant's decision

making process regarding medical leave and discipline of employees, including the Plaintiff.

110.     Defendant's employees acted as agents of the Defendant pursuant to a

NEIU custom, policy or practice or, in the alternative, acted individually under color of state law.

111.      The preferential treatment of less qualified and non-qualified persons over

the Caucasian Plaintiff constituted and was the result of discrimination based upon sex, race,

national origin, and/or retaliation  by the Defendant, and deprived Plaintiff of her rights as

secured by the United States Constitution and federal laws in violation of 42 U.S.C. §1983.

112.     Plaintiff had been the target of sex, race, and/or national origin

discrimination and retaliation by the Defendant.

113.     Upon information and belief, Plaintiff has been subjected to sex, race, or national origin remarks by the Defendant.

114.     Upon information and belief, Plaintiff has been subjected to verbal harassment by the Defendant because of her race, sex, and/or national origin in retaliation for her pursuing her legal remedies.

115.     Upon information and belief, Plaintiff has been subjected to retaliation by the Defendant for engaging in lawful acts.

116.     Upon information and belief, after providing testimony as a witness  to violations of NEIU rules, policies and procedures, plaintiff  has been subjected to harassment and scrutiny by the Defendant.

117.     After plaintiff filed her EEOC claim, the Defendant terminated plaintiff's Employment and locked her out of access to her email account containing course work for the completion of her degree with the Defendant.

118.     The discrimination against Plaintiff, and the deprivation of her rights, amounted to and was part of an unconstitutional policy, practice, or custom attributable to the Defendants, in violation of 42 U.S.C. §1983.

119.     As the actual and proximate result of the acts of the Defendant, Plaintiff has been forced to litigate for her rights and benefits,  and to endure humiliation, sever emotional distress and damage to her reputation.

120.     By reason of the conduct of the Defendant, Plaintiff is being deprived of rights, privileges, and immunities under the Constitution of the United States and laws enacted thereunder. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendant as follows:

A.  Ordering the Defendant to immediately re-instate the Plaintiff to a position with Defendant that is commensurable with her skills and experience;

B.  Order the Defendant to pay the Plaintiff damages for loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, medical expenses, and other compensatory damages resulting from Defendant's wrongful acts, along with interest;

C.  Order the Defendant to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D.  Order the Defendant to pay to Plaintiff punitive damages;

E.  Order the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

F.  Award Plaintiff such other relief as this Court deems proper.

## COUNT VI – VIOLATION OF 42 U.S.C. §1981
## DISCRIMINATION BASED ON SEX. RACE, NATIONAL ORIGIN AND RETALIATION

121.     Plaintiff incorporates and re-alleges paragraphs 1 through 120 as if fully set forth herein as paragraph 121.

122.     Defendant's employees controlled and conducted the Defendant's decision making process regarding the disciplinary measures and medical leave of employees, including the Plaintiff.

123.      Upon information and belief, the disciplinary measures taken against the

Plaintiff, together with Defendant's other discriminatory treatment of Plaintiff, constituted and was part of an unconstitutional sex, race, national origin or retaliation discrimination based policy, practice or custom of the Defendants, in violation of 42 U.S.C. §1981.

124.     Upon information and belief, the disciplinary measures taken against the Plaintiff, together with Defendant's other discriminatory treatment of Plaintiff, constituted and was part of an unconstitutional retaliation based policy, practice or custom of the Defendants, in violation of 42 U.S.C. §1981.

125.     Defendant's harassment and derogation of the Plaintiff, and not of other non-similarly situated employees constituted and was the result of discrimination based upon the Plaintiff's sex, race, national origin and/or retaliation for Plaintiff's pursuant of lawful actions, in violation of 42 U.S.C. §1981.

126.     Upon information and belief, Plaintiff's reporting of violations of NEIU's rules, policies and procedures of other employees, resulted in Plaintiff being subjected to harassment and being singled out by management.

127.     Thereafter, Plaintiff was intimidated, threatened, and subjected to different terms and conditions of employment and other retaliatory employment actions.

128.     The retaliation against Plaintiff caused her great mental anguish, humiliation, anxiety, loss of sleep, and other emotional and psychological distress.

129.     Plaintiff is entitled to the recovery of compensatory and punitive damages.

130. As the actual and proximate result of the acts of the Defendant, Plaintiff has been forced to litigate for her rights and benefits,  and to endure humiliation, severe emotional distress and damage to her reputation.

131. By reason of the conduct of the Defendant, Plaintiff is being deprived of rights,

privileges, and immunities under the Constitution of the United States and laws enacted thereunder. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. §1981.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendant as follows:

A.  Ordering the Defendant to immediately re-instate the Plaintiff to a position with Defendant that is commensurable with her skills and experience;

B.  Order the Defendant to pay the Plaintiff damages for loss of wages (past and future), loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, medical expenses, and other compensatory damages resulting from Defendant's wrongful acts, along with interest;

C.  Order the Defendant to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D.  Order the Defendant to pay to Plaintiff punitive damages;

E.  Order the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

F.  Award Plaintiff such other relief as this Court deems proper.

## COUNT VII – STORED WIRE AND ELECTRONIC COMMUNICATIONS ACT 18 U.S.C. §2701

132. Plaintiff incorporates and re-alleges as if fully set forth herein paragraphs 1 through 60 as paragraph 132.

133. Upon information and belief, Defendant intended to access Plaintiff's email account

and intended to obtain possession of Plaintiff's email communications when they accessed Plaintiff's account and when they locked Plaintiff out of the account.

134. Upon information and belief, Defendant changed the passwords on the server where Plaintiff's emails were in storage, thereby barring Plaintiff's access to her emails.

135. Upon information and belief, the computer servers that housed Plaintiff's email account are used by Plaintiff and others to conduct business with enterprises both in and outside of Illinois.

136. Plaintiff has suffered the requisite amount of actual damages as a result of Defendant's unauthorized access and theft of Plaintiff's emails.

137. Based upon the foregoing, Defendants have violated the Stored Wire and Electronic Communications Act, 18 U.S.C. §2701(a)(1).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and award Plaintiff:

a) An injunction ordering defendant to release Plaintiff's email account and to permit plaintiff to access her email account for purposes of separating personal and school related emails from work related emails;

b) Compensatory damages;

c) Statutory damages;

d) Punitive damages;

e) All costs and attorneys' fees associated with bringing this action; and

f) Any other relief as this Court deems just and appropriate.

## COUNT VIII – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §1030

138. Plaintiff incorporates and re-alleges paragraphs 1 through 60 and paragraphs 132 to

137 as if fully set forth herein as paragraph 138.

139. Defendants gained unauthorized access to Plaintiff's email account, chose to continue to access Plaintiff's email account, took deliberate steps to cut off Plaintiff's access and viewed the contents of Plaintiff's email account.

140. Defendants removed plaintiff's passwords so that she could no longer access her email account and, upon belief, deleting and rendering unrecoverable nearly all of plaintiff's emails and attachments.

141. The computer servers that housed Plaintiff's email account are used by Plaintiff and others to conduct business with enterprises outside of Illinois.

142. Plaintiff suffered in excess of $5,000.00 in damages when defendant severed Plaintiff's access to her email account and then deleted nearly all of the emails in Plaintiff's account, causing Plaintiff to lose her student course work and causing her to redo work in order to complete her class, she could no longer contact her professors or classmates, lost years of correspondence and spent many hours working to recover the emails, lost documents and lost information contained in the emails, and had to incur expenses to hire individuals to investigate and litigate this matter in order to recover access to the emails.

143. Based upon the foregoing, defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. §2701 et seq.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and award Plaintiff:

a) An injunction ordering defendant to release Plaintiff's email account and to permit plaintiff to access her email account for purposes of separating personal and school related emails from work related emails;

b) Compensatory damages;

c) Statutory damages;

d) All costs and attorneys' fees associated with bringing this action; and

e) Any other relief as this Court deems just and appropriate.

## COUNT IX – INTRUSION ON SECLUSION

144. Plaintiff incorporates and re-alleges paragraphs 138 through143 as if fully set forth herein as paragraph 144.

145. Defendants did not have authorization by Plaintiff to access her student email account, read the contents, and change the passwords so that Plaintiff no longer had access to years of email files.

146. The email account that Defendant accessed, reviewed and took for their own by shutting Plaintiff out contained private communications and those related to her student course work at NEIU.

147. Defendants hijacked Plaintiff's email account with the intent of causing her damage.

148. Defendant's actions with regard to Plaintiff's email account are highly offensive to any reasonable person.

149. As a result of Defendant's actions with regard to Plaintiff's email account, Plaintiff suffered significant financial, physical, and emotional damages.

150. Based upon the foregoing, Defendant committed the Illinois tort of intrusion upon seclusion and is liable for Plaintiff's damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and award Plaintiff:

a) An injunction ordering defendant to release Plaintiff's email account and to permit plaintiff to access her email account for purposes of separating personal and school related emails from work related emails;

b) Compensatory damages;

c) Punitive damages;

d) All costs and attorneys' fees associated with bringing this action; and

e) Any other relief as this Court deems just and appropriate.

## COUNT X -- RETALIATORY DISCHARGE

151. Plaintiff incorporates paragraphs 1 through 60 as if fully set forth herein as paragraph 151.

152. Plaintiff obtained her position with NEIU because of approach with employees who violated rules, policies and procedures.

153. NEIU had problems with the department to which plaintiff was assigned because its employees often violated rules, policies and procedures without any repercussions.

154. Plaintiff's employment with Defendant was cordial and unremarkable until 2012, when Plaintiff brought violators and their violations of NEIU's rules, policies and procedures to department meetings and Defendant's management.

155. Plaintiff was enforcing Defendant's rules, policies and procedures but this did not go over well with the other NEIU employees.

156. Plaintiff's subordinates created fictitious allegations against the Plaintiff and they filed grievances with the union.

157. The union brought these grievances to the attention of the Defendant.

158. Without conducting any type of investigation into the grievance allegations,

Defendant brought disciplinary action against the Plaintiff and terminated her employment.

159. Based upon the foregoing, Defendant committed the Illinois tort of retaliatory discharge and is liable for plaintiff's damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and award Plaintiff:

a) Compensatory damages (including re-instatement, back pay and benefits);

b) Punitive damages;

c) All costs and attorneys' fees associated with bringing this action; and

d) Any other relief as this Court deems just and appropriate.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

160. Plaintiff incorporates paragraphs 1 through 60 and 151 through 159 as if fully set forth herein as paragraph 160.

161. Plaintiff was hired to enforce Defendant's rules, policies and procedures.

162. However, when Plaintiff attempted disciplinary actions against violators of Defendant's rules, policies and procedures, she was subjected to disciplinary proceedings herself, harassment, and being locked out of her email account making it difficult for her to complete her schooling at NEIU.

163. Defendant took these actions to cause Plaintiff all manner of emotional, financial, professional and legal distress.

164. Defendant's actions are extreme and outrageous by the standards of any civilized society.

165. Plaintiff suffered tremendous emotion distress and physical ailments as a result of defendant's actions.

166. Based upon the foregoing, defendant committed the Illinois tort of intentional infliction of emotional distress, and is liable for Plaintiff' damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and award Plaintiff:

a) Compensatory damages;

b) Punitive damages;

c) All costs and attorneys' fees associated with bringing this action; and

d) Any other relief as this Court deems just and appropriate.

Respectfully Submitted,

Kimberly Bolanos, Plaintiff

s/ Anthony J. Peraica

Anthony J. Peraica, ARDC No. 6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700