IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BOLANOS, | ) |
| | ) |
| Plaintiff, | ) Case No. 14 C 7533 |
| | ) |
| v. | ) Honorable Judge Rebecca R. Pallmeyer |
| | ) |
| NORTHEASTERN ILLINOIS UNIVERSITY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT
AND MOTION FOR EXTENSION OF TIME TO ANSWER**

NOW COMES Defendant NORTHEASTERN ILLINOIS UNIVERSITY ("NEIU"), by and through its attorney, Lisa Madigan, Attorney General of Illinois, and in support of its Motion to Dismiss Portions of Plaintiff's Complaint and Motion for Extension of Time to Answer, Defendant states as follows:

**I.     BACKGROUND**

Plaintiff is a former employee of NEIU who last worked as an Assistant Registrar of Graduate Records prior to her termination on June 13, 2014. *See* Pl. Compl. at ¶¶ 12, 47, Dkt. No. 1. Prior to her termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 6, 2014. *See* Pl. Compl., Exhibit B, Pl.'s EEOC Charge of Discrimination Dkt. No. 1-1. The Charge of Discrimination alleged that on or about March 13, 2014, NEIU discriminated against Plaintiff on the basis of her race, national origin and sex when she was advised that she would be terminated pending a hearing and retaliated against her for complaining of the discrimination. *Id.* The EEOC issued Plaintiff

1

her Right to Sue letter on June 30, 2014. *See* Pl. Compl., Exhibit A, Pl.'s EEOC Right to Sue Letter, Dkt. No. 1-1.

Along with being a former employee of NEIU, Plaintiff was also a registered student taking classes at NEIU. *See* Pl. Compl. at ¶ 15, Dkt. No. 1. Plaintiff alleges that while she was employed and a student at NEIU, it issued her one NEIU email account to use for both employment and education purposes. *Id*. at ¶ 18. In Plaintiff's complaint, she alleged that after she was placed on administrative leave, effective March 14, 2014, NEIU gained excess to her NEIU email account to establish an auto-reply and eventually "locked" her out of that email account. *Id*. at ¶¶ 40-41, 45, 53,

On September 26, 2014, Plaintiff filed a complaint against NEIU, the sole Defendant in this case. *See* Pl. Compl., Dkt. No. 1. NEIU is a State of Illinois public university. *See* Pl. Compl. at ¶ 7, Dkt. No. 1. In this instant case, Plaintiff has filed an eleven count complaint against NEIU alleging discrimination on the bases of her race, national origin and sex in violation of Title VII (Counts I and II) and retaliation against Plaintiff for filing a Charge of Discrimination against NEIU on May 6, 2014 (Count III). Further, Plaintiff's Complaint alleges that NEIU violated her Procedural and Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count IV); discriminated against her based on sex, race, national origin and retaliated against her pursuant to 42 U.S.C. § 1983 (Count V); discriminated against her based on sex, race, national origin and retaliated against her pursuant to 42 U.S.C. § 1981 (Count VI); violated the Stored Wire and Electronic Communications Act pursuant to 18 U.S.C. § 2701 (Count VII); violated the Computer Fraud and Abuse Act pursuant to 18 U.S.C. § 1030 (Count VIII); and committed the Illinois torts of Intrusion on Seclusion (Count IX), Retaliatory Discharge (Count

X), and Intentional Infliction of Emotional Distress (Count XI). As argued below, Counts IV through Count XI should be dismissed against NEIU.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995); *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction, and the burden of proof is on the party asserting jurisdiction. *Harris v. State of Illinois, et al.*, 753 F.Supp.2d 734, 737-38 (N.D. Ill. 2010). The court may consider materials outside of the pleadings without converting a Rule 12(b)(1) motion to a motion for summary judgment, and in ruling, the court looks both to the allegations and the other materials relating to the issue of the court's jurisdiction. *Duke v. Affiliated Psychological Services, et al.*, No. 02-CV-5748, 2004 WL 2203433, *1 (N.D. Ill. Sept. 28, 2004) (citing *English v. Cowell,* 10 F.3d 434 (7th Cir. 1993)).

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint's factual pleadings; and, in order to survive a motion pursuant to Rule 12(b)(6), a complaint must contain facts that, if taken as true, plausibly suggest an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibly when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007)).

III. ARGUMENT

    A. **Plaintiff's § 1983 and § 1981 claims against NEIU should be dismissed because they are barred pursuant to the Eleventh Amendment.**

In Plaintiff's Complaint, she alleges § 1983 and § 1981 claims of violation of her Procedural and Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count IV); discrimination based on sex, race, national origin and retaliation pursuant to 42 U.S.C. § 1983 (Count V); and discrimination based on sex, race, national origin and retaliation pursuant to 42 U.S.C. § 1981 (Count VI) against NEIU. Plaintiff has not named any individual defendants in her complaint.

The Eleventh Amendment shields the State of Illinois and its agencies from claims brought in federal courts. *Harden v Board of Trustees Eastern Illinois University*, 2013 WL 6248500 at *5 (C.D.Ill. Dec. 2, 2013) (*citing* U.S. CONST. AMEND. XI). "A federal court may hear a claim against a state if the state consents to jurisdiction or Congress has abrogated the state's Eleventh Amendment immunity." *Id*. (*citing Ameritech v. McCann,* 297 F.3d 582, 585 (7th Cir. 2002)).

NEIU is an agency of the State of Illinois for Eleventh Amendment purposes. *Alexander v. NEIU*, 586 F.Supp.2d 905, 913-14 (N.D.Ill. 2008). Plaintiff cannot state a claim under § 1983 or § 1981 against NEIU because it is immune from these types of suits pursuant to the Eleventh Amendment. *See Id*.; see also *Harden,* 2013 WL 6248500 at *5. Therefore, this Court should dismiss Counts IV through VI for failure to state a claim under Rule 12(b)(6).

    B. **Plaintiff's claims of violations of Stored Wire and Electronic Act and Computer Fraud and Abuse Act against NEIU should be dismissed because they are barred pursuant to the Eleventh Amendment.**

In Plaintiff's Complaint, she alleges that NEIU violated the Stored Wire and Electronic Communications Act pursuant to 18 U.S.C. § 2701 (Count VII) and the Computer Fraud and

4

Abuse Act pursuant to 18 U.S.C. § 1030 (Count VIII). Again, as stated above, the Eleventh Amendment prohibits federal courts from entertaining suits by private citizens against a State or its agencies unless the State consents to the suit or Congress uses its power under the Fourteenth Amendment to abrogate the State's Eleventh Amendment immunity. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). NEIU is a State agency and there is no allegation in the complaint that Illinois has consented to these types of suits or that U.S. Congress abrogated the State's immunity. Therefore, this Court should dismiss Counts VII through VIII for failure to state a claim under Rule 12(b)(6).

> **C. Plaintiff's State Law Claims against NEIU should be dismissed because they are barred by the Doctrine of Sovereign Immunity.**

In Plaintiff's Complaint, she alleges the Illinois tort claims of Intrusion on Seclusion (Count IX); Retaliatory Discharge (Count X); and Intentional Infliction of Emotional Distress (Count XI) against NEIU. However, these claims are barred by the Doctrine of Sovereign Immunity. The Illinois State Lawsuit Immunity Act provides that the State of Illinois is immune from suit in any court. 745 ILCS 5/1. "[S]tate rules of immunity are binding in federal court with respect to state causes of action." *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Circuit. 2003).

Because of the Immunity Act, NEIU cannot be named as a Defendant in a state law action before this Court. A State entity is entitled to sovereign immunity when the action states a claim that has the potential of subjecting the State to liability and adversely affecting the rights of the State. See, e.g., *Ellis v. Board of Governors*, 102 Ill. 2d 387, 393-95 (1984).

NEIU is a State of Illinois public university. The relief sought by Plaintiff, injunctive relief and monetary damages, on the Illinois tort claims would control the actions of the State and subject the State to liability, the action is really one against the State and, thus barred by

5

Sovereign Immunity. Therefore, this Court should dismiss Counts IX through XI for lack of jurisdiction under Rule 12(b)(1).

### IV. Extension of time to answer

Pursuant to Federal Rule of Civil Procedure 6(b), NEIU request that this Court extend its time to answer Plaintiff's Complaint until 14 days after this Court rules on Defendant's instant Motion to Dismiss.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss Counts IV through XI of Plaintiff's Complaint against NEIU, grant Defendant an extension of their deadline to answer the Complaint until 14 days after this Court rules on Defendant's Motion to Dismiss, and for any further relief this court deems just and proper.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois      By:   s/Helena Wright
                                        HELENA WRIGHT
                                        Assistant Attorney General
                                        General Law Bureau
                                        100 W. Randolph St., 13th Fl.
                                        Chicago, Illinois 60601
                                        (312) 814-2035