**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY BOLANOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No.    **14 cv 7533** |
| | ) | |
| **NORTHEASTERN ILLINOIS** | ) | |
| **UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PORTIONS OF PLAINTIFF'S COMPLAINT AND
ITS MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION**

NOW COMES, the Plaintiff, KIMBERLY BOLANOS, by and through her attorneys, Anthony J. Peraica & Associates, Ltd., responds to Defendant's motion to dismiss Counts IV through XI of Plaintiff's Complaint and states as follows:

**I.      STANDARDS OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. "It is the burden of the party who seeks the exercise of jurisdiction in h[er] favor clearly to allege facts demonstrating that he is a property party to invoke judicial resolution" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596 (1990)(citations omitted), this Court must "accept as true all of the allegations contained in a complaint" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)); *Rueth v. EPA*, 13 F. 3d 227, 229 (7th Cir. 1993). A plaintiff, who pleads a colorable claim arising under a law of the United States, establishes the district court's subject matter jurisdiction pursuant to 28 U.S.C. §1331. See *Arbaugh v. Y & H Corporation*, 546 U. S. 500, 511, 126 S. Ct. 1235, 1244 (2006).

A motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead tests whether the claimant has properly stated a claim. *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In deciding a motion to dismiss, the court will consider all well-pleaded allegations of the complaint as true, and will draw all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Tobin for Governor v. Illinois State Board of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). Dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Slaney v. International Amateur Athletic Federation*, 244 F. 3d 580, 597 (7th Cir. 2001).

**II.     THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.**

Article III, Section 1 to the United States Constitution provides that "the judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." This includes the United States District Court for the Northern District of Illinois. These courts' "judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made . . ." Art. III, Sec. 2.

Plaintiff Kimberly Bolanos filed her complaint in the United States District Court for the Northern District of Illinois alleging causes of action pursuant to Title VII, the Civil Rights Act, 42 U.S.C. §1983, 42 U.S.C. §1981, the Federal Computer Fraud & Abuse Act, the Federal Stored Wire and Electronic Communications Act, as well as state claims of retaliatory discharge, wrongful termination, intentional infliction of emotional distress, and intrusion upon seclusion. Exhibit A: Complaint. Pursuant to Article III of the United States Constitution, the

2

federal causes of action that have been alleged are properly before this Court. This court's jurisdiction is reinforced by 28 U.S.C. 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See also, Exhibit A, Complaint ¶ 4.

Defendant does not dispute that this Court has jurisdiction over the Title VII claims (Counts I, II, and III) of the plaintiff's complaint. This Court's subject matter jurisdiction over these claims stems from 28 U.S.C. §1331 and 42 U.S.C. §2000e. This Court also has original subject matter jurisdiction over Counts IV (Due Process), V (42 U.S.C. §1983 Discrimination), VI (42 U.S.C. §1981 Discrimination), VII (Stored Wire And Electronic Communications Act 18 U.S.C. §2701), VIII (Computer Fraud and Abuse Act 18 U.S.C. §1030). Each of these counts are brought pursuant to Federal statutes with jurisdiction conferred on this Court under 28 U.S.C §1331, federal questions.

The plaintiff has alleged constitutional violations redressable through 42 U.S.C. §1981 and §1983. The Fourteenth Amendment to the United States Constitution protects citizens from conduct by the government, no matter how egregious that conduct might be. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F. 3d 811 (2009) (citing *National Collegiate Athletic Association v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454 (1988); *Messman v. Helmke*, 133 F. 3d 1042, 1044 (7th Cir. 1998)).

Since it has been established that there is original jurisdiction, this Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). See Exhibit A, Complaint ¶4. "Except as . . . expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts **shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction**

3

that they form part of the same case or controversy under Article III of the United States Constitution. . . ." (*emphasis added*). 28 U.S.C. §1367(a).

In *Washington v. Association for Individual Development*, 2009 WL 3616453, the defendant moved to dismiss plaintiff's state law claims under Rule 12(b)(1). The *Washington* court found that plaintiff's claims don't raise novel or complex issues of state law nor did they predominate over plaintiff's other claims. *Id*. In addition, the *Washington* court had not dismissed all other claims over which it had original jurisdiction, nor did defendant present exceptional circumstances or compelling reasons to decline jurisdiction, and therefore denied defendant's motion to dismiss pursuant to Rule 12(b)(1). *Id*.

This Court should likewise deny defendant's motion to dismiss Counts IX, X, and XI of plaintiff's complaint. Intrusion on Seclusion (Count IX), Retaliatory Discharge (Count X) and Intentional Infliction of Emotional Distress (Count XI) are not novel or complex issues of state law nor do they predominate over Plaintiff's federal causes of action. In addition, Defendant concedes that Counts I and II (Race, National Origin and Sex Discrimination under Title VII) and Count III (Retaliation under Title VII) are proper. This Court has original jurisdiction over Counts I through III[1] and therefore has supplemental jurisdiction over the state causes of action. Defendant has not set forth exceptional circumstances or reasons as to why supplemental jurisdiction should be declined, in light of defendant conceding that this Court has original jurisdiction.

Defendant has not set forth in its motion to dismiss a federal statute that does not allow for supplemental jurisdiction. Instead, Defendant attempts to argue that the Defendant is immune pursuant to the Eleventh Amendment. Immunity is not an issue for subject matter jurisdiction but is instead a defense that may be raised. "The Eleventh Amendment, however, does not

---

[1] Plaintiff also argues that this Court has original jurisdiction over Counts IV, V, VI, VII, and VIII.

automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 118 S.Ct. 2047 (1988). See also, *Hester v. Indiana State Department of Health*, 726 F.3d 942, 946 (2013).

Plaintiff has established subject matter jurisdiction with this Court over all of her claims. Therefore, Defendant's motion to dismiss pursuant to Rule 12(b)(1), on subject matter jurisdiction grounds, should be denied.

## III.  THE ELEVENTH AMENDMENT DOES NOT PRECLUDE PLAINTIFF'S CLAIMS.

### A.  IMMUNITY HAS BEEN WAIVED.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The plaintiff, Kimberly Bolanos, is not a citizen of another state or of a foreign state. The plaintiff is a citizen of the same state as the Defendant. On its face, the Eleventh Amendment does not apply.

Defendant argues that it, as an extension of the State, cannot be sued without its consent, pursuant to the Eleventh Amendment. However, immunity has been waived.

The State of Illinois waived NEIU's immunity. One of the exceptions to the State Lawsuit Immunity Act provides:

> (e) An employee, former employee, or prospective employee of the State who is aggrieved by any conduct or action or inaction of the State that would constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended, if committed by an employer covered by that Act may bring an action under Title VII of the Civil Rights Act of 1964 against the State in State circuit court or federal court.

745 ILCS 5/1.5 (West 2010). Plaintiff has brought claims under Title VII (see Counts I, II, and III), which are undisputed by the defendant, and therefore immunity is waived.

Not only has the State determined that immunity has been waived, but Congress has also denied the application of the Eleventh Amendment immunity to plaintiff's claims. Congress has determined that any immunity that may be claimed by NEIU under the Eleventh Amendment is waived, pursuant to 42 U.S.C. §2000d-7.

> Civil rights remedies equalization.
> (a) General provision
> (1) **A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of** . . . title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or **the provisions of any other Federal statute prohibiting discrimination** by recipients of Federal financial assistance.
> (2) In a suit against a State for violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

42 U.S.C. §200d-7 (*emphasis added*). Northeastern Illinois University received and still receives federal funding through grants, student aid, and financial assistance funds. The Illinois legislature acknowledges that federal funds received by NEIU. The Board for Northeastern Illinois University "enter[s] into contracts with the Federal government for providing courses of instruction and other services at Northeastern Illinois University for persons serving in or with the military or naval forces of the United States, and to provide such courses of instruction and other services". 110 ILCS 680/25-45(8). They also "provide for the receipt and expenditures of Federal funds paid to Northeastern Illinois University by the Federal government for instruction and other services for persons serving in or with the military or naval forces of the United States, and to provide for audits of such funds." 110 ILCS 680/25-45(10). Since NEIU is the recipient of

federal financial assistance and the State of Illinois openly acknowledges such, Defendant is

unable to assert immunity under the Eleventh Amendment as Counts I, II, III, IV, V, and VI

allege discrimination.

NEIU is also prohibited from asserting Eleventh Amendment immunity because plaintiff

seeks prospective relief. The Eleventh Amendment does not protect state officials from claims

for prospective relief when it is alleged that the state officials acted in violation of federal law.

*Ex parte Young*, 209 U.S. 123, 155-156, 28 S.Ct. 441, 452 (1908); *Edelman v. Jordan*, 415 U.S.

651, 664, 94 S.Ct. 1347, 1356 (1974). Availability of prospective relief of the sort awarded in *Ex*

*parte Young* gives life to the Supremacy Clause. Remedies designed to end a continuing

violation of federal law are necessary to vindicate the federal interest in assuring the supremacy

of that law. See *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984);

*Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749 (1977). Plaintiff is seeking prospective relief

which includes re-instatement. Plaintiff's claim for prospective relief (reinstatement) is not

barred by sovereign immunity.

### B. PLAINTIFF'S §1983 AND §1981 CLAIMS ARE NOT BARRED BY THE ELEVENTH AMENDMENT.

Count IV of plaintiff's complaint sets forth a cause of action for procedural and

substantive due process. "The Due Process Clause of the Fifth and Fourteenth Amendments

prohibits deprivation of life, liberty, and property without due process of law." *Matamoros v.*

*Grams*, 2013 WL 323075 at *4-5 (7th Cir. Jan. 29, 2013) (citing U.S. Const. Amends. V, XIV).

Bolanos alleges that her due process rights were violated when she was terminated without

progressive discipline and when others were not disciplined. In order to plead a due process

claim under §1983, Bolanos must and does allege (1) that she had a cognizable liberty interest

under the Fourteenth Amendment; (2) that she was deprived of that liberty interest; (3) and that

the deprivation was without due process. See *Khan v. Bland*, 630 F. 3d 519, 527 (7th Cir. 2010);

*Polenz v. Parrott*, 883 F. 2d 551, 555 (7th Cir. 1989). Defendant does not challenge or set forth

any argument that plaintiff's due process allegations are deficient. Instead, defendant asserts the

defense of Eleventh Amendment immunity as a means to defeat the cause of action.  In

*Alexander v. Northeastern Illinois University*, the Court stated that as a state agency, NEIU must

comply with due process under the Fourteenth Amendment. 586 F. Supp. 2d 905, 913 fn2

(2008). ,Therefore, Bolanos' causes of action are not waived and the Eleventh Amendment

defense does not apply to plaintiff's due process claim.

Contrary to Defendant's assertion, plaintiff has named several individuals within her

complaint—Daniel Weber, Avril Murray, Verla Grays, Martha Narvaez and Sharon Hahs.

Exhibit A, Complaint ¶¶21, 23, 26, 27, 28, 30, 31, 32, 33, 34, 36, 37, 38, and 42. Plaintiff still

has the opportunity to sue the named individuals and employees of the Defendant, should it

become necessary, as the statute of limitations has not expired.

### C.  PLAINTIFF'S COUNTS VII THROUGH VII SHOULD STAND.

Defendant does not set forth any case law supporting its argument that plaintiff's claims

under the Stored Wire and Electronic Act (Count VII) and Computer Fraud and Abuse Act

(Count VIII) should be barred based on the Eleventh Amendment. Plaintiff could not located any

such case law dismissing either cause of action on the grounds of immunity.

However, under 18 U.S.C. §2707 of the Stored Wire and Electronic Act, the statute

allows for a civil action to "recover from the person or entity, other than the United States, which

engaged in that violation such relief as may be appropriate." Congress effectively overrode

state's immunity under the Stored Wire and Electronic Act.  The Act itself sets forth when a

governmental agency is allowed to disclose content, which is limited to litigation. See 18 U.S.C.

§2703. Otherwise, it would usurp an individual's right to life, liberty and property and due process under the law, which are afforded to citizens under the Fourteenth Amendment.

Similar arguments can be made for the Computer Fraud and Abuse Act, 18 U.S.C. §1030.

Wherefore, Defendant's motion to dismiss Counts VII and VIII should be denied.

## IV. DEFENDANT NEIU WAIVES DEFENSES NOT RAISED IN ITS MOTION.

Defendant NEIU does not challenge or dispute that plaintiff has sufficiently plead a cause of action for violation of Title VII sex discrimination (Count I), violations of Title VII race and national origin discrimination (Count II) and violation of Title VII retaliation (Count III).

The only defense raised by Defendant is Eleventh Amendment immunity for Counts IV through XI.

Fed. R. Civ. P. 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Thus, under Rule 12(g), a party who raises a defense by motion prior to an answer must raise all possible defenses in a single motion. *U.S. Fidelity & Guaranty Co. v. Jepsen*, 1991 WL 249706 *2 (N. D. Ill. 1991). Omitted defenses cannot be raised in a second pre-answer motion. *U.S. Fidelity & Guaranty Co. v. Jepsen*, 1991 WL 249706 *2 (N. D. Ill. 1991) (citing *Eddy v. John Alden Life Insurance Company*, 1991 WL 78182 (N.D. Ill. 1991)). Defendant, therefore, has waive any argument and defenses not raised in its motion.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss portions of Plaintiff's complaint should be denied. However, in the event that this Court finds any of plaintiff's counts to be deficient, plaintiff requests that such count be dismiss without prejudice with leave to find an amended complaint pursuant to Fed. R. Civ. P. 15(a).

Wherefore, Plaintiff Kimberly Bolanos prays that this Honorable Court deny the Defendant's Motion to Dismiss her causes of action for Procedural and Substantive Due Process (Count IV), violations of 42 U.S.C. 1983 for Discrimination based on Sex, Race, National Origin and Retaliation (Count V), violations of 42 U.S.C. 1981 for Discrimination based on Sex, Race, National Origin and Retaliation (Count VI), Stored Wire and Electronic Communications Act 18 USC 2701 (Count VII), Computer Fraud and Abuse Act 18 USC 1030 (Count VIII), Intrusion Upon Seclusion (Count IX), Retaliatory Discharge (Count X), and Intentional Infliction of Emotional Distress (Count XI), and find in favor of the plaintiff. In the alternative, if this Honorable Court should find in favor of the Defendant, then plaintiff requests leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a). This would be plaintiff's first amendment to the complaint.

Respectfully submitted,


By:  s/ Anthony J. Peraica
Anthony J. Peraica


ANTHONY J. PERAICA, ARDC NO.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS 60632
(773) 735-1700

10