**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY BOLANOS, | ) |
| | ) |
| Plaintiff, | ) Case No. 14 C 7533 |
| | ) |
| v. | )  Honorable Judge Rebecca R. Pallmeyer |
| | ) |
| NORTHEASTERN ILLINOIS | ) |
| UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**

NOW COMES Defendant NORTHEASTERN ILLINOIS UNIVERSITY ("NEIU"), by

and through its attorney, Lisa Madigan, Attorney General of Illinois, in further support of its

Motion to Dismiss Portions of Plaintiff's Complaint, states as follows:

**BACKGROUND**

Plaintiff, a former employee of NEIU, filed an eleven count complaint against NEIU

alleging discrimination on the bases of her race, national origin and sex in violation of Title VII

(Counts I and II) and retaliation against Plaintiff for filing an EEOC Charge of Discrimination

against NEIU (Count III).  Further, Plaintiff's Complaint alleges that NEIU violated her

Procedural and Substantive Due Process pursuant to 42 U.S.C. § 1983 (Count IV);  discriminated

against her based on sex, race, national origin and retaliated against her pursuant to 42 U.S.C. §

1983 (Count V);  discriminated against her based on sex, race, national origin and retaliated

against her pursuant to 42 U.S.C. § 1981 (Count VI);  violated the Stored Wire and Electronic

Communications Act pursuant to 18 U.S.C. § 2701 (Count VII); violated the Computer Fraud

and Abuse Act pursuant to 18 U.S.C. § 1030 (Count VIII); and  committed the Illinois torts of

Intrusion on Seclusion (Count IX), Retaliatory Discharge (Count X), and Intentional Infliction of Emotional Distress (Count XI).

Defendant filed a Motion to Dismiss Portions of Plaintiff's complaint which argues that Counts IV through Count XI should be dismissed against NEIU. Plaintiff has filed a response which argues that Defendant's Motion to Dismiss should be denied in its entirety. Defendant hereby replies in further support of its Motion to Dismiss Portions of Plaintiff's Complaint.

## ARGUMENTS

### I. SOVEREIGN IMMUNITY BARS PLAINTIFF'S COUNTS IX THROUGH XI AGAINST NEIU.

As argued in Defendant's Motion to Dismiss, Plaintiff's state tort claims (Counts IX through XI) are barred by the Doctrine of Sovereign Immunity because the relief sought by Plaintiff would control the actions of the State and subject the State to liability. In her Response, Plaintiff argues that Sovereign Immunity does not bar her state tort claims because this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims against NEIU. Plaintiff misunderstands that effect that federal courts give to Sovereign Immunity.

The Eleventh Amendment prohibits a federal court from adjudicating state tort claims against Illinois where it does not consent. *Dimukes v. Administrative Office of the Illinois Courts, et. al*., 12 C 8800, 2014 WL 2978173 at *4 (N.D.Ill. July 2, 2104). A lawsuit against Illinois agencies and their officials "are the equivalent of a suit against [Illinois] for immunity purposes." *Id*. The Supreme Court held that supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) "does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of the Univ. of Minnesota, et.al*., 534 U.S. 533, 542 (2002). "The Eleventh Amendment removes this Court's authority to hear claims against a nonconsenting state, even though such claims

would normally be within the court's jurisdiction." *Meyers v. Southern Ill. Univ. et. al.*, 08 C 0556 MJR, 2009 WL 2046061 at \*3 (S.D.Ill. July 10, 2009).

The State of Illinois has not consented to have state law causes of action, like Plaintiff's, adjudicated in federal court. To the contrary, the Illinois legislature has provided that the Court of Claims have exclusive jurisdiction to hear claims against its agencies and officials. *See* 705 ILCS 505/8(a) (The Court of Claims "shall have exclusive jurisdiction to hear and determine …All claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency…") According to *Raygor* and *Meyer,* supplemental jurisdiction does not authorize federal courts to exercise jurisdiction over state tort claims against Illinois or its agencies.

In *Branch v. Costa*, the plaintiff brought state tort claims against Illinois and the Illinois Department of Revenue. 00 C 4765, 2000 WL 1671495 at \*2 (N.D.Ill. Nov. 3, 2000). The court held that the plaintiff's claims are barred under Illinois law. *Id*. It reasoned that the Illinois State Lawsuit Immunity Act renders Illinois and it agencies immune from lawsuits in any court, subject to the provisions of the Court of Claims Act. *Id*.; see also, 705 ILCS 505/8(a).

As stated in Defendant's Motion to Dismiss, the Illinois State Lawsuit Immunity Act bars NEIU from being a named Defendant in state tort claims before this Court. According to *Branch*, Plaintiff's state tort claims against NEIU are barred pursuant to the Illinois State Lawsuit Immunity Act. *See Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Circuit. 2003) ("[S]tate rules of immunity are binding in federal court with respect to state causes of action.").

Thus, the type of relief sought in this matter mandates that sovereign immunity applies and Plaintiff's Counts IX through XI should be dismissed with prejudice.

**II. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S COUNTS IV THROUGH VI AGAINST NEIU.**

As argued in Defendant's Motion to Dismiss, Plaintiff cannot state a claim under § 1983 or § 1981 (Counts IV and VI) against NEIU because it is immune to these types of claims pursuant to the Eleventh Amendment. Defendant also noted that Plaintiff has not named any individual defendants in her complaint. Plaintiff's Response argues that Congress has abrogated Eleventh Amendment Immunity and the State of Illinois waived NEIU's immunity for actions brought pursuant to 42. U.S.C. § 1983 and 42. U.S.C. §1981; therefore NEIU is unable to assert immunity under that Eleventh Amendment for Plaintiff's Count IV and VI. Plaintiff has not presented any statue or case law that proves her argument.

NEIU is immune from liability for Plaintiff's claims brought under 1981 and § 1983. In *Harden v. Bd. Of Trustees Eastern Illinois University*, et. al., the plaintiff brought a claim of race discrimination under 42 U.S.C. § 1981 against the Board of Trustees of EIU ("the Board"). 12 C 2199, 2013 WL 6248500 at *3 (C.D.Ill. Dec. 2, 2013). The Board filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. The Board argued that it was immune from lawsuits brought under § 1981 because the Eleventh Amendment bars such claims against state agencies. *Id*. at *5. The court held that the plaintiff's "claims under Section 1981 must be dismissed because the Board has not consented to jurisdiction in this case, and Congress has not abrogated Eleventh Amendment immunity for claims arising under Section 1981." *Id*.

In *Simms-Johnson v. Dept. of Human Services, et. al*., the defendant, IDHS, moved to dismiss all the plaintiff's claims brought under § 1981 and § 1983. 10 C 548, 2011 WL 2923726 at *1 (N.D.Ill. July 18, 2011). The court granted the defendant's Motion to Dismiss all of the plaintiff's claims brought under § 1981 and § 1983 with prejudice. *Id*. at *2. It reasoned that the

plaintiff's § 1981 and § 1983 claims failed because the defendant, as a state agency, is immune from liability under the Eleventh Amendment. *Id.*

According to *Harden* and *Simms-Johnson*, Plaintiff's § 1981 and § 1983 claims against NEIU should be dismissed with prejudice because the State has not consented to jurisdiction and Congress has not abrogated its immunity for these types of claims. Thus, Plaintiff's Counts IV and VI should be dismissed with prejudice.

### III. PLIANTIFF'S DUE PROCESS CLAIM AGAINST NEIU IS BARRED BY THE ELEVENTH AMENDMENT.

Plaintiff argues that her due process claim against NEIU, brought pursuant to 42 U.S.C. § 1983, is not barred by the Eleventh Amendment. (Pl.'s Compl. at ¶ 107). In doing so, Plaintiff cites to *Alexander v Northeastern Illinois University,* for the proposition the Eleventh Amendment does not apply to Plaintiff's due process claim (Count IV). *See* 586 F.Supp.2d 905, 913, n.2 (N.D.Ill. 2008) ("However, as a state agency, NEIU must comply with due process under the Fourteenth Amendment."). However, Plaintiff's interpretation of *Alexander* with regards to NEIU and the Eleventh Amendment is misguided.

In *Alexander*, the plaintiff sued NEIU and eleven of its current and former employees. 586 F.Supp.2d 905 (N.D.Ill. 2008). The plaintiff asserted a claim for violations of the Fourteenth Amendment due process clause brought pursuant to §1983. *Id.* at 913. The court held that "to the extent that [the plaintiff] seeks monetary damages against NEIU (or any other party who would be indemnified by the State), [the plaintiff's] due process claim is dismissed with prejudice." *Id.* at 914. It reasoned that the Eleventh Amendment bar covers suits by individual plaintiffs that seek relief that '"must be paid from public funds in the state treasury."' *Id.* at 914 (*citing Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The court further held that the plaintiff could not assert a § 1983 claim against NIEU because it is not a person for the purposes of §

1983. *Id.* at 913-14, n.3 (*citing Kaimowitz v. Bd. Of Trustees of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991) (holding that a "state university is not a person within the meaning of § 1983 and therefore [is] not subject to suits brought under § 1983.").

According to *Alexander*, Plaintiff's Count IV must be dismissed with prejudice because the Eleventh Amendment bars such suits and NEIU is not a "person" for the purposes of § 1983. *See also, Weaver v. NEIU*, 09 C 5117, 2010 WL 1257783 at *2 (N.D.Ill. Mar. 25, 2010) ("Due to the Eleventh Amendment as the Supreme Court has interpreted it, a plaintiff cannot maintain in federal court a claim under section 1983 for damages against a state against a state agency like NEIU.")

## IV. PLAINTIFF'S REQUEST FOR PROSPECTIVE RELIEF IN COUNTS IV, V, VI, AND X AGAINST NEIU IS BARED.

Plaintiff argues that NEIU is prohibited from asserting sovereign immunity because Plaintiff's request of prospective relief (reinstatement) for Counts IV, V, VI, and X. (Pl.'s Compl. ¶¶107, 120, 131, 159).

NEIU is immune from all liability for Plaintiff's claims brought under § 1981 and § 1983. In *Kashani v. Purdue Univ., et. al.,* the plaintiff sued the university and various officials under 42 U.S.C. § 1983, alleging that he was terminated from a doctoral program at the university on the basis of national origin. 813 F.2d 843, 844 (7th Cir. 1987). The Court held that the Eleventh Amendment bars all claims against the university and damages claims against the university officials in their official capacities. *Id.* at 848. According to *Kashani,* the Eleventh Amendment bars claims against NEIU seeking injective relief of reinstatement.

Also, NEIU or its employees, sued in their official capacity, cannot be liable in federal court for any type of injunctive relief. In *Pennhurst v. Halderman, et. al.,* the question presented before the Supreme Court was "whether a federal court may award injunctive relief against state

officials on the basis of state law." 465 U.S. 89, 91 (1984). *Pennhurst* held that a claim that a state official violated state tort law cannot be sued in his or her official capacity in federal court, for any purpose, without the consent of the state. *See Id*. at 121. It reasoned that the state official is not acting without authority, and the relief sought would have an impact directly on the state. *Id*. at 117, 121. Therefore, Plaintiff's Counts IV, V, VI, and X against NEIU should be dismissed.

## V. CONGRESS DID NOT ABROGATE THE STATE'S ELEVENTH AMENDMENT IMMUNITY IN 18 U.S.C. §§ 2701 AND 1030.

Plaintiff argues that Congress abrogated the state's immunity in the Stored Wire and Electronic Act (18 U.S.C. § 2701) and Computer Fraud and Abuse Act (18 U.S.C. § 1030). To prove Congress abrogated immunity, Plaintiff points to the portion of the Stored Wire and Electronic Act that provides a "person or entity" can be held liable under this Act. *See* 18 U.S.C. § 2707. Congress abrogates the State's Eleventh Amendment Immunity if: "(1) Congress 'unequivocally intends to do so,' and (2) Congress 'act[s] pursuant to a valid grant of constitutional authority.'" *Peaslee v. Illinois Student Assistance Commission*, 08 C 3167, 2008 WL 4833124 (N.D.Ill. Oct. 27, 2008) (*citing Toeller v. Wisconsin Dept. of Corrections,* 461 F.3d 871, 873 (7th Cir.2006)). Here, there is no unequivocal language abrogating the State's Eleventh Amendment Immunity. Plaintiff instead points to generic language that does not meet the stringent standard found in *Peaslee*.

Additionally, in *Sullivan v. Mericle, et. al.,* the plaintiff sued the Ohio Adult Parole Authority and alleged that it violated the Stored Wire and Electronic Act (18 U.S.C. §§ 2701 and 2707). 13 C 0200, 2013 WL 2552221 at *1 (N.D.Ohio June 10, 2013). The court held that Congress has not abrogated the state's immunity. *Id*. at *2. Therefore, according to *Sullivan*, the language in

the Stored Wire and Electronic Act does not unequivocally show that Congress intended to abrogate the State's Eleventh Amendment Immunity.

The Computer Fraud and Abuse Act provide that "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). Similar to the Stored Wire and Electronic Act, the language in the Computer Fraud and Abuse Act does not make it unequivocally clear that Congress intended to abrogate the State's Eleventh Amendment Immunity. Therefore, Counts VII and VIII against NEIU should be dismissed with prejudice.

WHERFORE, Defendant NEIU respectfully request that this Court grant its Motion to Dismiss Portions of Plaintiff's Complaint with prejudice and for such other relief as the Court deems just and reasonable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois     By:     s/Helena Wright
                                          HELENA WRIGHT
                                          Assistant Attorney General
                                          General Law Bureau
                                          100 W. Randolph St., 13th Fl.
                                          Chicago, Illinois 60601
                                          (312) 814-2035