IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| KIMBERLY BOLANOS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 14 cv 7533 |
| | ) | | |
| NORTHEASTERN ILLINOIS UNIVERSITY, | ) ) ) | | |
| | ) | | |
| Defendant. | ) | | |

**RESPONSE TO DEFENDANT'S DANIEL WEBER AND SHARON HAHS'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES, the Plaintiff, KIMBERLY BOLANOS, by and through her attorneys, Anthony J. Peraica & Associates, Ltd., responds to Defendant's Daniel Weber and Sharon Hahs's Partial Motion to Dismiss and states as follows:

**I.  STANDARD OF REVIEW**

A motion to dismiss under 12(b)(6) challenges the legal sufficiency of the complaint for failure to state a claim upon which relief may be granted. In reviewing the sufficiency of a complaint, all well-pleaded facts must be accepted as true and all permissible inferences must be drawn in favor of the plaintiff. *Agnew v. NCAA*, 2012 WL 2248509, at *3 (7th Cir. June 18, 2012) (citing *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011)). To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.R.Civ.P. 8(a)(2). "The Federal Rules of Civil Procedure require only that a complaint provide the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, "[t]he Supreme Court has described this notice-pleading standard as requiring a complaint 'to contain

1

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations. *Munch v. Sears Roebuck & Co.*, 2007 WL 2461660 (N.D. Ill. 2007) (Lefkow, J.). A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Id*.

## II. COUNTS I, II, AND III LIABILITY UNDER TITLE VII

Plaintiff's Amended Complaint Counts I, II, and III seek liability against Northeastern University ("NEIU"). Plaintiff concedes only that Counts I, II, and III do not apply to Weber and Hahs in their respective individual capacities. These respective causes of action, alleged in Counts I, II, and III, should stand as to NEIU.

## III. PLAINTIFF STATES A CLAIM FOR VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS (COUNT IV)

Count IV of plaintiff's complaint sets forth a cause of action for procedural and substantive due process. "The Due Process Clause of the Fifth and Fourteenth Amendments prohibits deprivation of life, liberty, and property without due process of law." *Matamoros v. Grams*, 2013 WL 323075 at *4-5 (7th Cir. Jan. 29, 2013) (citing U.S. Const. Amends. V, XIV). Bolanos alleges that her due process rights were violated when she was terminated without progressive discipline and when others were not disciplined. Docket #25, Amended Complaint ¶¶107 and 108.

In order to plead a due process claim under §1983, Bolanos must and does allege[1] (1) that she had a cognizable liberty interest under the Fourteenth Amendment; (2) that she was deprived

---

[1] Defendants Weber and Hahs's arguments with regard to the due process Count IV are not argued under the Rule 12(b)(6) standard but test the merits of the case. To this extent, plaintiff objects because discovery in this litigation is in its infancy.

of that liberty interest; (3) and that the deprivation was without due process. See *Khan v. Bland*, 630 F. 3d 519, 527 (7th Cir. 2010); *Polenz v. Parrott*, 883 F. 2d 551, 555 (7th Cir. 1989).

Bolanos had a legitimate expectation of continued employment with NEIU but for the actions of Weber and Hahs. Bolanos had held several positions with the university. Docket #25, Amended Complaint ¶17. When the department she was working for disbanded, she was provided with another position. Docket #25, Amended Complaint ¶15. Bolanos had her own office, set work hours, regard direction and assignments from the defendants, a paid salary with taxes withheld, and agreed not to hold another employment position while employed by NEIU.$^{2}$ Docket #25, Amended Complaint, ¶18. If the defendants had no intention of employing Bolanos for the deration of her studies at NEIU, she should have been provided with separate email addresses, like the other employees. Docket #25, Amended Complaint, ¶¶20 and 22. Bolanos was deprived of her employment by Defendants Weber and Hahs. Docket #25, Amended Complaint, ¶¶27-29, 32-33, 39, 50-51. The deprivation was without due process. Docket #25, Amended Complaint, ¶¶42-44.

Plaintiff has pleaded a cause of action for both procedural and substantive due process. In the event that this Court determines that Plaintiff's cause of action for procedural and substantive due process (Count IV) are deficient, Plaintiff moves this Court to allow her leave to file a Second Amended Complaint providing factual allegations, deemed by this court to be necessary.

### IV. DEFENDANTS WEBER AND HAHS ARE SUBJECT TO PLAINTIFF'S 42 U.S.C. §1983 CLAIM (COUNT V).

Plaintiff has sued Defendants Weber and Hahs in both their official and individual

---

$^{2}$ Defendants focus on the presumption of at-will employment, but fail to recognize that it is a rebuttable presumption and the documentation with regard to Plaintiff's employment is within the custody and control of the defendants, not the plaintiff.

capacities. A government employee can be sued in his or her individual capacity for his or her own constitutional violations, whether or not those violations reflect a policy or custom, and regardless of that employee's title. *Null v. Gardner*, 2009 WL 2928144 (C.D. Ill. Sept. 9, 2009). Actions undertaken by Weber that directly caused Plaintiff's unlawful termination can be located in paragraphs 27, 29, 32, 33, 39, and 40 of the Amended Complaint. Actions undertaken by Hahs that directly caused Plaintiff's unlawful termination can be located in paragraphs 44, 45, 46, 49, 50, and 51. The Defendants Weber and Hahs are alleged to have acted "as agents of the Defendant NEIU . . . or, in the alternative, acted individually under color of state law." Docket #25, Amended Complaint ¶114. The defendants have subjected the plaintiff to discriminatory treatment and harassment based upon her sex, race and/or national origin. Docket #25, Amended Complaint ¶¶115-120. Plaintiff asserts remedies for which the Defendants Weber and Hahs can be individually liable for (i.e. damage to reputation, medical expenses, compensatory damages, punitive damages and other such relief). See Amended Complaint Prayer for Relief.

On the merits, to establish *personal* liability in a 42 U.S.C. §1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. See, *e.g., Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473 (1961). More is required in an official-capacity action, however, for a governmental entity is liable under §1983 only when the entity itself is a " 'moving force' " behind the deprivation, *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454 (1981) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff is also suing Weber and Hahs in their official capacities, but that is for purposes of injunctive relief—reinstatement. The Defendants' being named in their official capacity for

injunctive relief does not require Plaintiff to plead an unconstitutional policy or custom. *Null v. Gardner*, 2009 WL 2928144 (C.D. Ill. Sept. 9, 2009).

To the extent that Bolanos is seeking injunctive and declaratory relief, from Weber and Hahs in their official capacities, she is not barred at the onset for proceeding. Congress has determined that any immunity that may be claimed by the Defendants' in their official capacity, under the Eleventh Amendment is waived, pursuant to 42 U.S.C. §2000d-7.

> Civil rights remedies equalization.
> (a) General provision
> (1) **A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of** . . . title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or **the provisions of any other Federal statute prohibiting discrimination** by recipients of Federal financial assistance.
> (2) In a suit against a State for violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

42 U.S.C. §200d-7 (*emphasis added*). Northeastern Illinois University received and still receives federal funding through grants, student aid, and financial assistance funds. The Illinois legislature acknowledges that federal funds received by NEIU as codified in 110 ILCS 680/25-45(8) and (10). Since NEIU is the recipient of federal financial assistance and the State of Illinois openly acknowledges such, Defendants are unable to assert immunity from suit in their official capacity as to the discrimination counts.

Official capacity suits against state officials seeking prospective relief are permitted by §1983, *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304 (1989) and under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908), they are not barred by the Eleventh Amendment. Weber and Hahs are prohibited from asserting Eleventh Amendment

immunity, from suit in their official capacity, because plaintiff seeks prospective relief. The Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that the state officials acted in violation of federal law. *Ex parte Young*, 209 U.S. 123, 155-156, 28 S.Ct. 441, 452 (1908); *Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356 (1974). Availability of prospective relief of the sort awarded in *Ex parte Young* gives life to the Supremacy Clause. Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. See *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984); *Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749 (1977). Plaintiff is seeking prospective relief which includes re-instatement. Plaintiff's claim for prospective relief (reinstatement) is not barred by sovereign immunity.

Plaintiff has pleaded a cause of action for 42 U.S.C. §1983 against Defendants Weber and Hahs in their official and individual capacities. In the event that this Court determines that Plaintiff's amended complaint is deficient, Plaintiff moves this Court to allow her leave to file a Second Amended Complaint providing factual allegations, deemed by this court to be necessary.

## V. RETALIATION (UNDER COUNT V) AGAINST THE PLAINTIFF CONTINUED AFTER THE FILING OF HER CLAIM FOR DISCRIMINATION

Defendants seek to dismiss the retaliation claim under Count V, specifically paragraphs 116 and 119 of the Amended Complaint contending that the only retaliation was her termination, which she was aware of prior to the filing of her discrimination claim. Defendants' argument should fail because (1) defendants predetermined without going through the process that plaintiff would be terminated (from which discrimination could be inferred), (2) plaintiff was not officially terminated until after the filing of her discrimination claim and (3) the Plaintiff has

alleged that the retaliation has continued, even after her termination, because of being a student. See Docket #25, Amended Complaint ¶121.

Plaintiff has pleaded a cause of action for retaliation against Defendants Weber and Hahs in their official and individual capacities. In the event that this Court determines that Plaintiff's amended complaint is deficient, Plaintiff moves this Court to allow her leave to file a Second Amended Complaint providing factual allegations, deemed by this court to be necessary.

## VI.  THERE IS A PRIVATE RIGHT OF ACTION AGAINST STATE ACTORS UNDER 42 U.S.C. §1981 (COUNT VI).

Section 1981 of the Civil Rights Act of 1866 prohibits discrimination on the basis of race in the making, enforcing, and terminating of contracts, including employment contracts. *O'Leary v. Accretive Health Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). It provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions every kind , and to no other." 42 U.S.C. §1981(a).

In 1991, Congress enacted the Civil Rights Act of 1991. Pub.L.102-166, 105 Stat.1071 (1991). Congress found that "additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace", a Supreme Court decision weakened the scope and effectiveness of Federal civil rights protections, and "legislation is necessary to provide additional protections against unlawful discrimination in employment." Civil Rights Act of 1991, Pub.L.102-166, 105 Stat.1071 (1991), Section 2. Among the purposes of the Civil Rights Act of 1991 was "to confirm statutory authority and provide statutory guidelines for the adjudication of disparate impact suits under title VII of the Civil Rights Act of

1964" and "to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination." Civil Rights Act of 1991, Pub.L.102-166, 105 Stat.1071 (1991), Section 3. As part of the Civil Rights Act of 1991, under the Federal Civil Rights Remedies, it amends 42 U.S.C. §1981 to add "(b) For purposes of this section, term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." and "(c) **the rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law**." 42 U.S.C. §1981(b) & (c), *emphasis added*.

To state a cause of action for discrimination under 42 U.S.C. §1981, a plaintiff must prove that (1) she is a member of a minority or protected class; (2) the defendant had an intent to discriminate; and (3) the discrimination concerned the making or enforcing of a contract. *Pourghoraishi v. Flying J Inc.,* 449 F. 3d 751, 756 (7th Cir. 2006). To establish that the alleged discrimination falls within the scope of activities proscribed by the statute, a plaintiff asserting a §1981 claim must also demonstrate that she suffered "a materially adverse employment action." *Lewis v. City of Chicago*, 496 F. 3d 645, 652 (7th Cir. 2007).

Plaintiff has pleaded a cause of action under 42 U.S.C. §1981. She is a Caucasian female. Docket #25, Amended Complaint ¶6. The Defendants Weber and Hahs intended to discriminate against her by taking actions not taken against other non-similarly situated employees. Docket #25, Amended Complaint ¶129. Non-Caucasian and/or foreign born employees were treated more favorably, not harassed, and not subjected to different terms and conditions to their employment. Docket #25, Amended Complaint ¶82. And the discrimination the Plaintiff faced

dealt directly with her contract of employment. In fact, the discriminatory acts of the Defendants lead to Plaintiff's termination.

A complaint "need contain only an allegation of an express unconstitutional policy, a widespread practice so well established that it constitutes law, or that the person injuring plaintiff held final policymaking authority." *McCormick v. City of Chicago*, 230 F. 3d 319, 323-324 (7th Cir. 2000). Plaintiff alleges "unconstitutional sex, race, national origin or retaliation based policy, practice or custom of the Defendants". Docket #25, Amended Complaint ¶¶127-130. The plaintiff has alleged information to put the defendants on notice.

The Seventh Circuit has held that a plaintiff can allege employment discrimination quite generally, even after the Supreme Court's refinement of the standards of notice pleading. See *Tamayo v. Blagojevich*, 526 F. 3d 1074, 1084 (7th Cir. 2008). "Once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [race], there is no further information that is both easy to provide and of clear critical importance to the claim." *Id* (quoting *EEOC v. Concentra Health Services, Inc.*, 496 F. 3d 773, 781-782 (7th Cir. 2007)). Therefore, to survive a motion to dismiss, an employment discrimination complaint is sufficient if it alleges that the employer subjected the employee to an adverse employment action on a prohibited basis, such as race.

Plaintiff has pleaded a cause of action for 42 U.S.C. §1981 against Defendants Weber and Hahs in their official and individual capacities. In the event that this Court determines that Plaintiff's amended complaint is deficient, Plaintiff moves this Court to allow her leave to file a Second Amended Complaint providing factual allegations, deemed by this court to be necessary.

### VII.  COUNT VII NOT DISPUTED BY DEFENDANTS WEBER AND HAHS

Defendants Weber and Hahs have made no arguments with regard to Count VII of

Plaintiff's Amended Complaint and therefore have waived such.

Fed. R. Civ. P. 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Thus, under Rule 12(g), a party who raises a defense by motion prior to an answer must raise all possible defenses in a single motion. *U.S. Fidelity & Guaranty Co. v. Jepsen*, 1991 WL 249706 *2 (N. D. Ill. 1991). Omitted defenses cannot be raised in a second pre-answer motion. *U.S. Fidelity & Guaranty Co. v. Jepsen*, 1991 WL 249706 *2 (N. D. Ill. 1991) (citing *Eddy v. John Alden Life Insurance Company*, 1991 WL 78182 (N.D. Ill. 1991)). Defendants, therefore, waive any argument and defenses not raised in their motion.

## VIII.   STATE LAW TORT CLAIMS (COUNT VIII AND IX).

Plaintiff voluntarily dismisses, only the state claim for retaliatory discharge (Count VIII) against the Defendants Daniel Weber and Sharon Hahs, individually and in their official capacity.

As for Count IX, Plaintiff states a cause of action for Intentional Infliction of Emotional Distress. She has been subjected to "emotional, financial, professional and legal distress" which have been extreme causing the plaintiff emotional distress and physical ailments. Docket #25, Amended Complaint ¶¶154-156. Plaintiff has reasonably apprised the Defendants of the cause of action for intentional infliction of emotional distress, which will be more readily apparent with the review of Plaintiff's medical records. As a result of the comments and actions of the Defendants and Plaintiff's employment at NEIU, she has sought psychological and medical attention. Sovereign immunity should not apply to the state law tort claims against Defendants Weber and Hahs in their individual capacities or as to actions they engaged in that fall outside the scope of their authority.

Plaintiff withdraw Count VIII as to Defendants Weber and Hahs. Plaintiff has pleaded a cause of action for Intentional Infliction of Emotional Distress (Count IX) against Defendants Weber and Hahs. In the event that this Court determines that Plaintiff's amended complaint is deficient, Plaintiff moves this Court to allow her leave to file a Second Amended Complaint providing factual allegations, deemed by this court to be necessary.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss portions of Plaintiff's amended complaint, with regard to Defendants Daniel Weber and Sharon Hahs, should be denied. However, in the event that this Court finds any of plaintiff's counts to be deficient, plaintiff requests leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a).

Wherefore, Plaintiff Kimberly Bolanos prays that this Honorable Court allow for the voluntary dismissal without prejudice of Counts I, II, III and VIII against only Defendants Daniel Weber and Sharon Hahs and deny the remaining of Defendants' Motion to Dismiss her causes of action for Procedural and Substantive Due Process (Count IV), violations of 42 U.S.C. 1983 for Discrimination based on Sex, Race, National Origin and Retaliation (Count V), violations of 42 U.S.C. 1981 for Discrimination based on Sex, Race, National Origin and Retaliation (Count VI), and Intentional Infliction of Emotional Distress (Count IX), and find in favor of the plaintiff. In the alternative, if this Honorable Court should find in favor of the Defendants, then plaintiff requests leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a).

    Respectfully submitted,

    By:   <u>s/ Anthony J. Peraica</u>
           Anthony J. Peraica

ANTHONY J. PERAICA, ARDC NO.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS  60632
(773) 735-1700