**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY BOLANOS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 CV 7533 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| NORTHEASTERN ILLINOIS | ) | |
| UNIVERSITY, DANIEL WEBER, and | ) | |
| SHARON HAHS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DANIEL WEBER AND SHARON HAHS'S REPLY
MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants DANIEL WEBER and SHARON HAHS, by and through their

attorney, LISA MADIGAN, Attorney General of the State of Illinois, and hereby reply to

Response to Defendants Daniel Weber and Sharon Hahs's Partial Motion to Dismiss Plaintiff's

Amended Complaint as follows:

**ARGUMENT**

**I.      Plaintiff Concedes that Counts I, II, III, and VIII against Defendants Daniel Weber
and Sharon Hahs Should be Dismissed.**

In response to Defendants Daniel Weber and Sharon Hahs's (collectively, "Individual

Defendants") Partial Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff seeks to

voluntarily dismiss Counts I-III (alleging employment discrimination and retaliation under Title

VII of the Civil Rights Act of 1964), and Count VIII (alleging state-law retaliatory discharge)

against Individual Defendants without prejudice.  Resp. to Def.'s Daniel Weber & Sharon Hahs's

Partial Mot. to Dismiss Pl.'s Am. Compl. 11, ECF No. 39 [hereinafter Pl.'s Resp.].    Individual

Defendants, however, request that the Court dismiss Counts I-III and VIII with prejudice as Plaintiff cannot proceed against them as a matter of law.

Plaintiff's state-law tort claim for retaliatory discharge is barred by the State Lawsuit Immunity Act. *See* Infra Part VII; Mem. of L. in Supp. of Def. Daniel Weber & Sharon Hahs's Partial Mot. to Dismiss. Pl.'s Am. Compl. 10-12, ECF No. 35 [hereinafter Individual Defs.' Partial Mot. to Dismiss]. Additionally, Plaintiff was employed by Northeastern Illinois University ("NEIU"), Am. Compl. ¶ 10, ECF No. 25, not by NEIU Registrar Daniel Weber, *id.* ¶ 11, or NEIU President Sharon Hahs, *id.* ¶ 12. Individual Defendants therefore cannot be held liable under either Title VII or under Illinois state law for retaliatory discharge. *Passananti v. Cook Cnty.*, 689 F.3d 655, 662 n.4 (7th Cir. 2012) ("Title VII authorizes suit *only* against the employer."); *Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 570 (Ill. 1998) ("[T]he only proper defendant in a retaliatory discharge action is the plaintiff's former employer."). Accordingly, the Court should dismiss Counts I-III and VIII against Individual Defendants with prejudice.

## II. Plaintiff Cannot Seek Damages (Counts IV and V) or Injunctive Relief (Count IV) Against Individual Defendants in Their Official Capacities.

Plaintiff does not refute Individual Defendants' arguments that her damages claims against them in their official capacities in Counts IV and V should be dismissed. Rather, Plaintiff asserts that her lawsuit against Individual Defendants in their official capacities under § 1983 is "for purposes of injunctive relief—reinstatement." Pl.'s Resp. 4. Citing *Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff argues that her § 1983 claims seeking prospective relief are not barred by the Eleventh Amendment. Pls. Resp. 6.

"The *Ex Parte Young* exception requires a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as

prospective.'" *Sonnleitner v. York*, 304 F.3d 704, 718 (7th Cir. 2002) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2002)). The Seventh Circuit has held that a procedural due process claim does not allege an ongoing violation of federal law. *Id.* Thus, Individual Defendants may not be "stripped of the official character of their positions" under *Ex Parte Young*. *Council 31 of the Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). Because Plaintiff's procedural due process claim against Individual Defendants in their official capacities in Count IV is not subject to the *Ex Parte Young* exception, it is barred by the Eleventh Amendment. *Sonnleitner*, 304 F.3d at 718-19.

Plaintiff's remaining argument that Individual Defendants have waived immunity under the Eleventh Amendment pursuant to 42 U.S.C. § 2000d-7, Pls. Resp. 5, is without merit. Plaintiff fails to present any case law to support her position. Significantly, the Court has already rejected the same argument made against NEIU. Transcript of Proceedings - Ruling at 4 (N.D. Ill. Feb. 18, 2015) ("The only entity that has been sued is an arm of the State and is entitled to sovereign immunity against Section 1983 and Section 1981 claims."). The State has not consented to jurisdiction and Congress, "acting under its constitutional authority conveyed by amendments passed after the Eleventh Amendment," *Quinn*, 680 F.3d at 882, has not abrogated Eleventh Amendment immunity under § 1983, *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748-49 (7th Cir. 2005) ("Because the Board is an 'arm of the state' and Congress has not abrogated its immunity in § 1983 actions, this suit is barred by the Eleventh Amendment."). Accordingly, Plaintiff's procedural due process claim against Individual Defendants in their official capacities in Count IV, seeking prospective and declaratory relief, should be dismissed. *Quinn*, 680 F.3d at 884 ("'[D]eclaratory relief should not be awarded where the eleventh amendment bars an award of monetary or injunctive relief; otherwise the

[declaratory] relief would operate as a means of avoiding the amendment's bar.'" (quoting *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 295 (7th Cir. 1993) (alterations in original))).  In addition, because Plaintiff concedes that she is only suing Individual Defendants in their official capacities for purposes of injunctive and declaratory relief, Pl.'s Resp. 4-5, the Court should also dismiss Plaintiff's official capacity claims seeking damages against Individual Defendants in Counts IV and V.

### III.  Plaintiff Fails to State a Claim for Violation of Procedural or Substantive Due Process (Count IV).

####  A.  *Plaintiff has Effectively Abandoned her Substantive Due Process Claim.*

As an initial matter, Plaintiff has effectively abandoned her substantive due process claim against Individual Defendants "by not responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citations omitted).  Specifically, Individual Defendants' Motion to Dismiss argues that Plaintiff fails to state a claim for violation of substantive due process because her amended complaint:  (1) alleges only a violation of employment-related rights, which are not fundamental rights and not actionable as a violation of substantive due process; and (2) fails to allege conduct that suggests a deprivation that "shocks the conscience."  Individual Defs.' Partial Mot. to Dismiss 9.  Plaintiff failed to respond to these deficiencies in her response brief.  Instead, Plaintiff's response brief addresses only Individual Defendants' arguments based on procedural due process.  Pl.'s Resp. 2-3.  Thus, Plaintiff's substantive due process claim and any argument against dismissal pursuant to Rule 12(b)(6) have therefore been waived.  *Alioto*, 651 F.3d at 721; *see also Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support his cause of action.  The federal courts will not invent legal arguments for litigants." (internal citation omitted)).  Because Plaintiff did not

4

respond to Individual Defendants' arguments raised in their Motion to Dismiss, the Court should dismiss Plaintiff's substantive due process claim in Count IV.

### B. Plaintiff Fails to Allege a Cognizable Property Interest.

Plaintiff's procedural due process claim should be dismissed for failure to allege facts which plausibly suggest that she had some legitimate expectation of continued employment at NEIU. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much."). Here, Plaintiff alleges that she held several different, salaried positions at NEIU prior to her discharge. Am. Compl. ¶¶ 17-18. Specifically, Plaintiff alleges that in July of 2011, the department she worked for was "disbanded" and she was reassigned to the department of Graduate Enrollment Services. *Id.* ¶ 15. In 2012, she was "hired as the Coordinator Graduate Records/Assistant Registrar of Graduate Records." *Id.* ¶ 25.

Even accepting Plaintiff's allegations as true, they suggest nothing more than an at-will employment relationship under Illinois law. *Mitchell v. Jewel Food Stores*, 568 N.E.2d 827, 835 (Ill. 1990) ("[A]n employment relationship without a fixed duration is terminable at will by either party." (internal quotation marks and citation omitted)). Plaintiff has not and cannot allege that the terms of her employment with NEIU provided for termination only "for cause," or that her position as the Coordinator of Graduate Records/Assistant Registrar of Graduate Records was of a specified, fixed duration. *See Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 904 (7th Cir. 2011) ("In the employment context, a plaintiff generally is required to show that the terms of [her] employment provide for termination only 'for cause' or otherwise evince

'mutually explicit understandings' of continued employment." (citations omitted)).[1]

Moreover, Plaintiff's argument regarding de facto entitlement to continued employment throughout the duration of her studies at NEIU based on her allegation that she was not provided with a separate work email address, Pl.'s Resp. 3, is untenable. Such a subjective expectancy is not protected by procedural due process. *Amendola v. Schliewe*, 732 F.2d 79, 86 (7th Cir. 1984). "[A]n employee must have a 'legitimate claim of entitlement' to continued employment and not merely a unilateral and subjective expectancy, to be accorded the protection of procedural due process." *Id.* (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). A mutually explicit understanding requires an "affirmative explicit representation to the plaintiff on the part of the defendants." *Id.* at 87. Plaintiff's amended complaint is devoid of any allegations regarding a mutually explicit understanding of continued employment. Because Plaintiff fails to allege any facts in her amended complaint that actually suggest a right to relief, Plaintiff's procedural due process claim in Count IV should be dismissed.

## IV.     Plaintiff Fails to State a Claim for Retaliation Under § 1983 (Count V).

Plaintiff argues that dismissal of her retaliation claim is not warranted because "defendants predetermined without going through the process that plaintiff would be terminated (from which discrimination could be inferred)." Pl.'s Resp. 6. This argument, however, confuses the pleading requirement for a retaliation claim. "To plead a retaliation claim . . . a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action **as a result of that activity**, though she need not use those terms, of course." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013) (citing

---

[1] Plaintiff incorrectly asserts that "documentation with regard to Plaintiff's employment is within the custody and control of the defendants, not the plaintiff." Pl.'s Resp. 6 n.2. NEIU produced Plaintiff's personnel file months prior to Plaintiff filing her amended complaint.

*McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 483 (7th Cir. 1996)) (emphasis added).[2]  Here, Plaintiff has pleaded herself out of court by alleging that she was notified that NEIU was seeking to terminate her employment on April 1, 2014, Am. Compl. ¶ 46, over a month prior to her protected conduct of filing a Charge of Discrimination against Defendants on May 6, 2014, *id.* ¶ 97.  Indeed, in her Charge of Discrimination, Plaintiff states that she was advised on or about March 13, 2014 that she would be discharged pending a hearing.  Am. Compl. Ex. B.  Thus, Plaintiff's amended complaint and supporting exhibit show that there is no causal connection between her protected activity and her termination; no retaliation could be inferred from the facts alleged.

Moreover, Plaintiff cannot save her claim by arguing that she was not officially terminated until after the filing of her discrimination claim.  Pl.'s Resp. 6.  Plaintiff fails to allege that anything changed after she engaged in protected activity.   Accordingly, Plaintiff's retaliation claim based on her termination should be dismissed.  *See McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996) (affirming Rule 12(b)(6) dismissal of retaliation claim where the allegedly retaliatory conduct was merely the continuation of the conduct giving rise to the plaintiff's complaints).

Likewise, Plaintiff's retaliation argument based on the denial of access to a NEIU issued email account, Pl.'s Resp. 6-7, is unavailing.  Plaintiff alleges that after she filed her Charge of Discrimination, she was "locked her out of access to her email account containing course work for the completion of her degree at NEIU."  Am. Compl. ¶ 121.  This assertion, however, is belied by the alleged timing of events.  Plaintiff alleges that she learned that the NEIU port account and email account were inactivated on May 5, 2014, the day prior to her Charge of

---

[2]  "The same requirements for proving discrimination apply to claims under Title VII, § 1981, and § 1983."  *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 850 n.7 (7th Cir. 2010) (citations omitted).

Discrimination. Am. Compl. ¶¶ 49, 97. Thus, Plaintiff fails to allege a causal connection between her protected activity and the alleged denial of access to the NEIU issued email account. *See McDonnell*, 84 F.3d at 259.

Furthermore, Plaintiff does not allege any facts to plausibly suggest that she was subjected to an adverse employment action. "A materially adverse employment action is something 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (quoting *Crady v. Liberty National Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)). "[T]he adverse action must materially alter the terms and conditions of employment." *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001) (citing *Rabinovitz v. Pena*, 89 F.3d 482, 488 (7th Cir. 1996)). Here, Plaintiff claims that retaliation "has continued, even after her termination, **because of being a student**." Pl.'s Resp. 7 (emphasis added). Yet, Plaintiff admits that NEIU set up a new email account for her to use to complete her degree. Am. Compl. ¶ 53. Plaintiff alleges a mere inconvenience as a student—not a plausible material change in the terms and conditions of employment. Plaintiff's retaliation claim in Count V therefore should be dismissed.

## V.    There is no Private Right of Action Against State Actors Under § 1981 (Count VI).

Plaintiff's response brief disregards binding Seventh Circuit precedent, cited in Individual Defendants' Motion to Dismiss, which is directly on point and explicitly forecloses her § 1981 claim. *Campbell v. Forest Pres. Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 670-71 (7th Cir. 2014).[3] The Seventh Circuit has expressly concluded that § 1981 "does not create a private right of action against state actors." *Id.* at 671. Notwithstanding the doctrines of precedent and *stare decisis*, Plaintiff argues that there is a private right of action against state actors based on the plain language of the Civil Rights Act of 1991, which re-codified § 1981 as subsection (a),

---

[3] Plaintiff's counsel was the attorney of record for the plaintiff in *Campbell*. *Id.* at 666.

and added subsections (b) and (c). S*ee* Pl.'s Resp. 7-8. Subsection (c) provides: "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

The Seventh Circuit, however, has directly addressed the issue of "what Congress intended to accomplish through subsection (c)," and held that the 1991 amendment was not intended to overrule *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). *Campbell*, 752 F.3d at 670-71. Under *Jett*, "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Id.* at 671.

Where, as here, a prior Seventh Circuit decision has not been overruled or undermined by the Supreme Court, or other supervening developments, such as a statutory overruling, there is no compelling reason to reject this Circuit's precedent. *See United States v. Lara-Unzueta*, 735 F.3d 954, 961 (7th Cir. 2013). Because there is no private right of action against state actors under § 1981, and Individual Defendants are state actors, Count VI should be dismissed.

## VI. Count VII is Directed Only at NEIU, not Individual Defendants.

Plaintiff argues that Individual Defendants have waived any arguments relating to Count VII. However, Count VII is not brought against Individual Defendants—it is brought only against NEIU for injunctive and prospective relief under the Stored Wire and Electronic Communications Act. Am. Compl. ¶¶ 136-141. NEIU has answered Plaintiff's amended complaint. Def. Northeastern Ill. Univ.'s Answer & Affirmative Defenses to Pl.'s Am. Comp., ECF No. 27. Thus, there is no waiver regarding Count VII.

## VII. Plaintiff's State-Law Tort Claims are Barred by the Doctrine of Sovereign Immunity (Counts VIII and IX).

In a single sentence in her response brief, Plaintiff argues that "[s]overeign immunity should not apply to the state law tort claims against Defendants Weber and Hahs in their

individual capacities or as to actions they engaged in that fall outside the scope of their authority." Pl.'s Resp. 10. The Court should not allow Plaintiff's artful pleading to evade the doctrine of sovereign immunity. *See Healy v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. 1990) ("[T]he prohibition 'against making the State of Illinois a party to a suit cannot be evaded by making an action nominally against the servants or agents of the State . . . .'" (quoting *Sass v. Kramer*, 381 N.E.2d 975, 977 (Ill. 1978))). Plaintiff's response brief does not cite to any allegations in her amended complaint that suggest that Individual Defendants engaged in any conduct that falls outside the scope of their authority, or otherwise cite to any case law to support her position. Plaintiff's "perfunctory and undeveloped arguments" should be deemed waived. *Perez v. Illinois*, 488 F.3d 773, 776-77 (7th Cir. 2007) (citing *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005)).

Simply put, Plaintiff fails to respond to Individual Defendants' argument that her state-law tort claims are really claims against the state and consequently are barred by the State Lawsuit Immunity Act. Specifically, Individual Defendants' Motion to Dismiss argues that sovereign immunity applies here because: (1) Plaintiff's allegations involve only actions within Daniel Weber and Sharon Hahs's authority as the University Registrar and the President of NEIU, respectively; (2) any duties that they are alleged to have breached were only owed to Plaintiff as a result of their employment with NEIU; (3) Plaintiff's allegations involve precisely the type of evaluation and personnel decisions that are within Individual Defendants' normal and official supervisory job duties; and (4) a judgment for Plaintiff could operate to control the actions of the State or subject it to liability. Individual Defs.' Partial Mot. to Dismiss 11-12. Because Plaintiff did not respond to Individual Defendants' arguments raised in their Motion to Dismiss, she has waived any argument against dismissal pursuant to Rule 12(b)(6). *Alioto*, 651

F.3d at 721; *see also Stransky*, 51 F.3d at 1335. Accordingly, Counts VIII and IX should be dismissed.

**VIII. Plaintiff Fails to State a Claim for IIED (Count IX).**

Plaintiff's response brief merely concludes that her IIED claim is sufficient to withstand dismissal. Pl.'s Resp. 10-11. Plaintiff does not address Individual Defendants' argument that under an objective standard, Plaintiff's amended complaint fails to allege conduct that rises to the level of extreme and outrageous conduct. Individual Defs.' Partial Mot. to Dismiss 13-15. Instead, Plaintiff argues that "[a]s a result of the comments and actions of the Defendants and Plaintiff's employment at NEIU, she has sought psychological and medical attention," and that her claim "will be more readily apparent with the review of Plaintiff's medical records." Pl.'s Resp. 10. This argument, however, goes to whether the alleged conduct did cause severe emotional distress, not whether under an objective standard, she sufficiently alleges truly extreme and outrageous conduct. By failing to respond to the arguments raised in Individual Defendants' Motion to Dismiss, she has waived any argument against dismissal pursuant to Rule 12(b)(6). *Alioto*, 651 F.3d at 721; *see also Stransky*, 51 F.3d at 1335. Because Plaintiff fails to sufficiently allege that Individual Defendants' conduct was truly extreme and outrageous, Count IX should be dismissed.

Finally, the Court should deny Plaintiff's request for leave to file a second amended complaint because any amendment would be futile. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 919 (7th Cir. 2015) ("Leave to amend a complaint should be freely given 'when justice so requires.' However, leave may be denied where the amendment would be futile." (quoting Fed. R. Civ. P. 15(a)(2) (additional citation omitted)).

WHEREFORE, Individual Defendants respectfully request that this Honorable Court dismiss with prejudice Counts I-IV, VI, and VIII-IX against them, Plaintiff's retaliation claim against them in Count V, Plaintiff's § 1983 claims brought against them in their official capacities, and grant them an extension of time to answer the remaining claims in Count V of the amended complaint in their individual capacities until fourteen days after the Court rules on the instant Motion to Dismiss, and for any other relief the Court deems reasonable and just.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: s/ Erin M. Petrolis
ERIN M. PETROLIS
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4752